```
IN THE UNITED STATES DISTRICT COURT FOR THE
             EASTERN DISTRICT OF OKLAHOMA

KENNARD HUNT,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )     No. CIV-06-263-S
                                 )
JON HARLAN, et. al.,             )
                                 )
            Defendants.          )
```

## ORDER

Before the court for its consideration is the Defendants' Jon Harlan, Bruce Howard, Chuck Kirkpatrick, and Bill Pogue's Motion to Dismiss pursuant to 42 U.S.C. Sec. 1997e for the reason plaintiff failed to exhaust his available administrative remedies regarding all of his claims prior to filing this lawsuit.

Plaintiff filed his Complaint in this court on July 3, 2006. On this same date, plaintiff filed a Motion to Proceed in Forma Pauperis. On July 14, 2006, an order was entered granting the Motion to Proceed in Forma Pauperis. On September 13, 2006, plaintiff filed an Amended Complaint. On October 12, 2006, defendants filed a Motion to Stay Proceedings and a Request for an Order for Special Report. On November 29, 2006, an order was entered requiring a Special Report. The Special Report was filed on January 23, 2007. On this same date, defendants filed this Motion to Dismiss. On February 9, 2007, plaintiff filed an objection to defendants' motion.

Plaintiff, Kennard Hunt, appearing *pro se* is an inmate within the custody of the Oklahoma Department of Corrections (hereinafter "DOC"), currently incarcerated at the Great Plains

1

Correctional Facility in Hinton, Oklahoma. Plaintiff brings this action pursuant to 42 U.S.C. Sec 1983, alleging that defendants at the James E. Hamilton Correctional Center where he was formally incarcerated violated his constitutional rights. Plaintiff alleges defendants violated his Eighth Amendment rights when the defendant subjected him to cruel and unusual punishment, retaliated against him, and were deliberately indifferent when he allegedly told other inmates that plaintiff was "telling" for the warden. Plaintiff also alleges defendants Harlan, Howard, and Pogue failed to protect him by allegedly removing him from protective custody after viewing a threatening note. Plaintiff seeks damages in the amount of $250,000 from each defendant.

## I. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In <u>Wright</u>, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe

or oversee prison grievance systems." <u>Wright</u> at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

To exhaust his administrative remedies pursuant to the DOC grievance procedures for all claims not involving misconducts, a prisoner is required to properly and timely file for each non-medical claim: 1) a request to staff, 2) a grievance to the facility head, and 3) an appeal of the facility head's response to the administrative review authority. An inmate has not exhausted his available administrative remedies until he properly and timely files a grievance appeal to the administrative review authority and receives a response from that official. According to the DOC grievance procedures, the request to staff must be submitted within seven (7) days of the incident. All grievances must be submitted within fifteen (15) calendar days of the date of the incident or from the date of the prison officials' response to the prisoner's request to staff, whichever is later. An inmate who does not receive a response to the request to staff within (30) calendar days of submission may file a grievance to the reviewing authority with evidence of submitting the request to staff to the proper staff member. Grievances may be submitted out of time only in certain situations, and the inmate must prove

3

"by substantial evidence" that the submission was untimely through "absolutely no fault of his own." In addition, the inmate attempting to submit the grievance out of time must comply with all the requirements set forth in paragraph XII and must submit the request to file a grievance out of time to the director only and within thirty (30) calendar days of the date of the denial of the grievance as untimely by the administrative review authority. Plaintiff submitted a request to staff dated August 1, 2005, in which he claimed that Sgt. Kirkpatrick told other inmates that plaintiff was a snitch. Warden Bruce Howard responded to the request to staff on August 8, 2005. Plaintiff submitted a letter addressed to interim DOC director Evans dated September 7, 2005, in which he alleged he was being "singled out" and that the facility refused to transfer him. This letter was forwarded to the Director's Designee, Debbie Morton, for a response. Morton sent a letter to plaintiff detailing the proper procedure for resolving a problem in accordance with DOC's grievance requirements as outlined in DOC OP-090124. According to Ms. Debbie L. Morton, DOC's Administrative Review Unit manager, plaintiff attempted to submit a grievance appeal which did not comply with DOC's grievance policy regarding plaintiff's allegation that Sgt. Kirkpatrick told other inmates that plaintiff was "telling" for the warden. This grievance appeal was rejected and returned to plaintiff because there was no facility head response, there was no informal action, the grievance was out of time from the date of the incident and request for disciplinary action against staff are not addressed in the grievance process. Plaintiff's grievance regarding his claim that Sgt. Kirkpatrick told other inmates that plaintiff was "telling" for the warden is dated May 23, 2006. Plaintiff has alleged that the date the incident occurred was July 15, 2005. In his response to the motion to dismiss, plaintiff alleges that

he tried to exhaust his administrative remedies but his complaints were returned because he was complaining about a staff member. However, the record clearly reveals that plaintiff failed to exhaust his claims as outlined in his Amended Complaint.

After careful review of the record before it, the court finds the plaintiff has failed to exhaust his administrative remedies as to any of his claims. Defendants have met their burden of establishing their affirmative defense of plaintiff failing to exhaust his administrative remedies. <u>Jones v. Bock</u>, 127 S.Ct. 910 (2007). The court finds the allegations made in plaintiff's Amended Complaint should be dismissed pursuant to 42 U.S.C. Sec. 1997e (a) for failure to exhaust his administrative remedies.

Accordingly, the defendants's Motion to Dismiss is hereby **GRANTED** and all other motions currently pending are hereby deemed **MOOT**.

**Dated this 18th Day of June 2007.**

Frank H. Seay
United States District Judge

5